UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-01155-KK-DTBx** | Date: | April 13, 2026 |
|---|---|---|---|

| Title: | ***Homesite Insurance Company of the Midwest v. LSP Products Group, Inc. et al.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order to Show Cause Why Sanctions Should Not Be
Imposed for Failure to File Post-Mediation Joint Status Report**

On July 2, 2025, the Court ordered the parties to complete mediation proceedings under the mandatory Court-Directed Alternative Dispute Resolution ("ADR") Program by April 2, 2026, and to file a joint report no later than seven days after the proceedings regarding the progress of settlement discussions. ECF Docket No. ("Dkt.") 15. The parties were, therefore, required to file a joint status report regarding the outcome of the parties' mediation no later than April 9, 2026. However, to date, the Court has not received a joint status report. Thus, the parties are in violation of the Court's July 2, 2025 Order.

The Court has inherent power to impose sanctions for willful disobedience of a court order. See Evon v. Law Offs. of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012). Before imposing sanctions, the Court will afford the parties an opportunity to explain their failure to file a joint status report as directed by the Court's July 2, 2025 Order.

Accordingly, the Court, on its own motion, orders the parties to show cause in writing **no later than seven days from the date of this Order** why sanctions should not be imposed.

**Furthermore, Plaintiff is expressly warned that failure to timely file a response to this Order <u>will</u> result in this action being dismissed without prejudice for failure to prosecute and comply with Court orders. <u>See</u> Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED.**